■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS F. CLOUSER, Appellant. [633 NYS2d 658] —Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered February 25, 1994, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

As the result of his misappropriation of moneys given to him to complete a home improvement project for a customer, defendant was charged by superior court information with the crime of grand larceny in the fourth degree. After his arraignment, he filed a petition in bankruptcy. Thereafter, in satisfaction of the charge specified in the superior court information as well as the District Attorney's promise not to pursue other matters in which defendant assertedly had misappropriated funds from four other customers, defendant pleaded guilty to grand larceny in the fourth degree. In accordance with the plea agreement, he was sentenced to a term of five years' probation and was ordered to pay restitution in the amount of $5,221.18 to all of the customers from whom he took money.

On appeal, defendant contends, *inter alia*, that County Court erred in ordering him to pay restitution because such order is barred by the automatic stay which resulted from his filing of a petition in bankruptcy (11 USC § 362). We disagree. While restitution constitutes a "debt" within the meaning of the United States Bankruptcy Code (*see, In re Robinson*, 776 F2d 30, 33-34, *revd on other grounds sub nom. Kelly v Robinson*, 479 US 36; *see also, In re Cancel*, 85 Bankr 677), and the collection or enforcement of a "debt" is barred by the automatic stay upon the filing of a bankruptcy petition (*see*, 11 USC § 362 [a] [2], [6]), the automatic stay is not applicable to "the commencement or continuation of a criminal action or proceeding against the debtor" (11 USC § 362 [b] [1]). Inasmuch as County Court ordered restitution in connection with a criminal proceeding which was pending against defendant at the time of filing of his bankruptcy petition and in accordance with a plea agreement voluntarily entered into by him after the filing of said petition, defendant may not rely upon the automatic stay to nullify that portion of the judgment ordering restitution.* We

* Although defendant may seek to invoke the automatic stay to enjoin the authorities from collecting payments under the restitution order, this is a matter which defendant should pursue in Bankruptcy Court via an adversary proceeding (*see, e.g., In re Cancel*, 85 Bankr 677, *supra*).

have considered defendant's remaining arguments and find them to be without merit. Accordingly, we find no reason to disturb County Court's judgment.

Cardona, P. J., Mikoll, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.